UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| PAUL MICHAEL BARRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:14-cv-00527-JDL |
| ) | |
| CORIZON LLC, et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDED DECISION**

In this action, Plaintiff Paul Michael Barry alleges constitutional deprivations in connection with his need for medical care in prison. The matter is before the Court on Defendants' Motion to Dismiss (ECF No. 21).[1] As explained below, following a review of the pleadings, and after consideration of the parties' arguments, the recommendation is that the Court deny the Motion.

**BACKGROUND**

The facts set forth herein are derived from Plaintiff's Complaint, which facts are deemed true when evaluating the Motion to Dismiss.[2] *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

On December 9, 2014, while an inmate at the Cumberland County Jail, Plaintiff filed a form prisoner complaint naming as defendants Corizon Medical Services,[3] Cumberland County Jail, and Edith Woodward, P.A. Plaintiff did not include a factual statement in the form complaint, but filed a letter in which he explained that he had "a medical claim" (ECF No. 1-1, PageID # 4)

---

[1] The Court referred the motion for report and recommended decision.

[2] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss.

[3] Defendants state that the proper name is Corizon, LLC. (Motion to Dismiss at 1.)

and that he wished to pursue a claim of "medical neglect and malpractice against" Corizon Medical Services, Cumberland County Jail, Sheriff Kevin Joyce, Edith Woodward P.A., Sergeant Duboise, Sergeant Young, and Sergeant Pickering.  According to the Plaintiff, the named individuals knew that he was bleeding from his rectum for more than three weeks and did nothing to help him. Plaintiff asserted that as a result of the Defendants' inaction, he "ended up in the hospital almost dead, " where he had five "bags of blood transfused to keep [him] alive," and now has cancer throughout his body, including in his bowel, liver, kidneys, and lungs.  (*Id.*, PageID ## 5-6.)

On December 31, 2014, Plaintiff filed a request to assert a claim against additional defendants, namely "Janice Chamberland … Director of Nursing" and corrections officer "Pell[e]tier."  (ECF No. 6, PageID # 28.)  As to Mr. Pelletier, Plaintiff alleged that he interfered with and denied Plaintiff medical attention and violated Plaintiff's right to treatment and medication.  (*Id.*, PageID # 29.)

In addition, in a letter filed on December 31, 2014, Plaintiff represented that he realized (incorrectly) that he needed to file his claim against the Corizon Defendants in a separate action from his claim against the Cumberland County Jail officers.  In this letter, Plaintiff asserted that the two groups of defendants "both played separate roles"; that the Corizon Defendants failed to treat him initially and then continued to neglect him after his return from the hospital; and that he seeks to recover from the corrections officers for their "lack of responsibility to see to and ensure that … Corizon Medical Services" provided proper services.   (ECF No. 8, PageID ## 31-32.)

On January 7, 2015, Plaintiff again wrote that he wanted to add as defendants "Janice Chamberland," who "was the medical director of Corizon at Cumberland County Jail during the 10 months [he] was denied medical care," and Corrections Officer Pelletier, who interfered with

medical treatment by preventing Plaintiff "from getting medications straightened out with the new director of medical." (ECF No. 9, PageID # 35.)

On January 20, 2015, Plaintiff filed a "motion for jury demand" in which he asserted that he wanted to add as a defendant, "Eileen Mageary," whom Plaintiff identified as Corizon's new medical director. (ECF No. 12, PageID # 52.) Plaintiff alleged that Ms. Mageary failed to meet Plaintiff's medical needs after his return from the hospital, noting that he was "still being denied proper pain medications and care, daily." (*Id.*) On January 22, 2015, the Court granted Plaintiff's request to add as defendants the three identified individuals (Chamberland, Mageary, and Pelletier). (ECF No. 13.) [4]

On February 13, 2015, Plaintiff filed a fourth motion to amend. In this motion, Plaintiff asked to increase his claim for damages from $50 million to $150 million and explained that he has experienced significant "mental and emotional injury." (ECF No. 17, PageID # 65.) Plaintiff also provided an updated report of his medical condition, which includes significant new complications, including, but not limited to, the spread of cancer and a tumorous growth. (*Id.*, PageID ## 65-66.) According to Plaintiff, the complications are the product of a ten-month denial of medical attention at the Cumberland County Jail. (*Id.*, PageID # 65.) The Court granted the fourth motion to amend on February 20, 2015. (ECF No. 19.)

## DISCUSSION

Through their Motion to Dismiss, the Corizon-affiliated Defendants (Corizon, Chamberland, Mageary, and Woodward) argue that the Court should dismiss Plaintiff's claim because Plaintiff has "failed to set forth a plausible claim for relief pursuant to federal law."

---

[4] On the same date (January 22, 2015), Plaintiff filed a notice in which he stated that he was no longer incarcerated and was residing in his parents' home. (ECF No. 15.)

(Motion at 1.) Specifically, Defendants maintain that Plaintiff does not allege "personal involvement any of the Defendants had in his care" (*id.* at 6), other than the fact that PA Woodward took an x-ray and found a tumor (*id.* at 7). Additionally, Defendants argue that Defendant Corizon cannot be held liable based merely on the alleged acts of its employees. (*Id.*, citing *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994) (discussing supervisory liability)).

A.  **Standard of Review**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In their assessment of the motion, courts must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)).

To overcome the motion, a plaintiff's allegations must raise a sufficient basis for a fact finder to conclude that a finding of liability is plausible as to each moving defendant. *Medina-Velazquez v. Hernandez-Gregorat*, 767 F.3d 103, 111 (1st Cir. 2014). The federal rules, however, do not require that a plaintiff plead prima facie proof of every element of the claim; pursuant to Rule 8(a), a plaintiff must provide only a "short and plain statement" that gives the defendant notice of the claim and what it is based on. *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 65 (1st Cir. 2004). Depending on the circumstances, a short and plain statement can satisfy the plausibility standard applied under Rule 12. *Id.*

B.  **Analysis**

Plaintiff's claim arises under 42 U.S.C. § 1983. Section 1983 provides every United States citizen a right to redress against any person who, acting under color of state law, causes a

deprivation of his or her "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To state a claim under section 1983, a plaintiff must allege two elements: 1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999). While it authorizes a cause of action, § 1983 does not confer any substantive rights. The substantive rights must derive from another federal statute or constitutional provision. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). "As in any action under § 1983, the first step is to identify the exact contours of the underlying right said to have been violated." *County of Sacramento v. Lewis*, 523 U.S. 833, 842 n.5 (1998).

Here, Plaintiff's claim is based on the Fourteenth Amendment, which incorporates the Cruel and Unusual Punishments Clause of the Eighth Amendment and applies it against the states. *See*, *e.g.*, *State of La. ex rel. Francis v. Resweber*, 329 U.S. 459, 463 (1947) (plurality opinion). Relying on the Eighth Amendment, "courts have derived the principles that govern the permissible conditions under which prisoners are held and that establish the medical treatment those prisoners must be afforded." *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (citing *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)). Among other prohibitions, "[u]ndue suffering, unrelated to any legitimate penological purpose, is considered a form of punishment proscribed by the Eighth Amendment." *Id.* (citing *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)).[5] Undue suffering, if not addressed, can give rise to an eighth amendment claim of "deliberate indifference." *Id.*

---

[5] As stated in *Estelle*:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical torture or a lingering death, the evils of most immediate concern to the drafters of the [Eighth] Amendment. In less serious cases, denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose. The infliction of such unnecessary suffering is inconsistent

To be actionable, a deliberate indifference claim must satisfy both an objective and a subjective standard. *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011). The objective standard requires an evaluation of the risk of harm to one's health and requires that the harm be "sufficiently serious." *Perry v. Roy*, 782 F.3d 73, 78 (1st Cir. 2015). A medical need is sufficiently serious if it has been diagnosed by a physician as mandating treatment, or is so obvious that even a lay person would recognize a need for medical intervention. *Id.* at 78-79. The subjective standard focuses on the culpability of the defendant. To satisfy the subjective standard, a plaintiff must demonstrate that a defendant had a culpable state of mind amounting to "'deliberate indifference' to an inmate's health or safety." *Farmer*, 511 U.S. at 834. As the term suggests, deliberate indifference requires a showing of "purposeful intent" to deny care. *Perry*, 782 F.3d at 79. The deliberate indifference analysis involves an assessment of what the defendants knew and how they responded to that knowledge. *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002).[6]

---

> with contemporary standards of decency as manifested in modern legislation codifying the common-law view that it is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself.

429 U.S. at 103-04 (internal quotation marks and citation omitted).

[6] Deliberate indifference is distinguished from negligence. As the First Circuit has explained:

> A finding of deliberate indifference requires more than a showing of negligence. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Sires v. Berman*, 834 F.2d 9, 13 (1st Cir. 1987). A plaintiff claiming an eighth amendment violation with respect to an inmate's serious mental health or safety needs must allege "acts or omissions sufficiently harmful to evidence deliberate indifference." *Estelle*, 429 U.S. at 106; *see also Cortes-Quinone v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir.), *cert. denied*, 488 U.S. 823 (1988). Although this court has hesitated to find deliberate indifference to a serious need "[w]here the dispute concerns not the absence of help, but the choice of a certain course of treatment," *Sires*, 834 F.2d at 13, deliberate indifference may be found where the attention received is "so clearly inadequate as to amount to a refusal to provide essential care."

*Torraco v. Maloney*, 923 F.2d 231, 234 (1st Cir. 1991).

Plaintiff has alleged facts that are sufficient to satisfy the objective standard of deliberate indifference. Rectal bleeding for a period of three weeks represents a medical need that even a layperson would recognize as serious. Plaintiff's diagnoses also suggest a condition that required immediate medical attention.

The Court's assessment of the subjective standard is defendant-specific. *Medina-Velazquez*, 767 F.3d at 111. "Public officials may be held liable under § 1983 for a constitutional violation only if a plaintiff can establish that his or her constitutional injury resulted from the direct acts or omissions of the official, or from indirect conduct that amounts to condonation or tacit authorization." *Ocasio–Hernández v. Fortuno-Burset,* 640 F.3d 1, 16 (1st Cir. 2011) (internal quotation marks omitted).

The First Circuit has observed that as part of the assessment of an individual's subjective deliberate indifference, notice is an important factor when the notice suggests the existence of "a problem that requires the taking of affirmative steps." *Rodriguez-Garcia v. Miranda-Marin*, 610 F.3d 756, 768 (1st Cir. 2010) (quoting *Lipsett v. Univ. of Puerto Rico*, 864 F.2d 881, 902 (1st Cir. 1988)). Viewed in the light most favorable to Plaintiff, the allegations in the complaint include a reasonable basis from which a fact finder could rationally infer that the individual Defendants were aware of Plaintiff's bleeding symptoms and the need for immediate attention, but failed to address timely Plaintiff's medical needs. Insofar as a delay in treatment alone can support a claim for deliberate indifference based on undue pain and suffering, Plaintiff has asserted sufficient facts to support a claim of deliberate indifference against the individual Defendants.

Plaintiff's allegations similarly state a claim against Defendant Corizon, LLC. Generally, the basis of liability for a private entity in Defendant Corizon's position (i.e., acting with the authority of or in the place of a governmental entity) is the standard that applies to municipalities,

which standard requires a showing that the entity maintained a custom or policy that caused the deprivation in question. *See*, *e.g.*, *Leavitt*, 645 F.3d at 504 (noting the issue); *Woodward v. Corr. Med. Servs. of Ill., Inc.,* 368 F.3d 917, 927 (7th Cir. 2004) (treating corporate entities as municipal entities in the context of section 1983 prisoner claims); *Cady v. Cumberland Cnty. Jail*, No. 2:10-CV-00512-NT, 2013 WL 3967486, at *35 (D. Me. Aug. 1, 2013) *appeal dismissed sub nom. Cady v. Walsh*, 753 F.3d 348 (1st Cir. 2014). Under certain circumstances, a party can establish the existence of a custom or policy by demonstrating deliberate indifference by a person with policymaking authority. *Walden v. City of Providence, R.I.*, 596 F.3d 38, 55 (1st Cir. 2010). Although Plaintiff did not directly allege that the individual Defendants acted in accordance with a custom or policy, because Plaintiff has alleged facts that are sufficient to generate an inference of deliberate indifference on the part of individuals identified as Defendant Corizon's medical directors, who plausibly have final policymaking authority for Defendant Corizon at the Cumberland County Jail, Plaintiff has alleged facts from which one could conclude that the individual Defendants acted in accordance with a custom or policy.[7] Plaintiff thus has stated a plausible claim for relief against Defendant Corizon.

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court deny Defendants' Motion to Dismiss (ECF No. 21).[8]

---

[7] While the mere fact that a person with some policymaking authority is alleged to have engaged in conduct that constitutes deliberate indifference is not dispositive of Defendant Corizon's liability, *Freeman v. Town of Hudson*, 714 F.3d 29, 37-38 (1st Cir. 2013) ("A single decision by a municipal policymaker constitutes official policy 'only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered.'") (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 481 (1986)); *Rodriguez v. Mun. of San Juan*, 659 F.3d 168, 181 (1st Cir. 2011) (same), at this stage of the proceedings, the relative merit of Plaintiff's allegations is not pertinent. Defendants can address the merit of Plaintiff's claim against Defendant Corizon at summary judgment and/or trial.

[8] Defendants argue in part that some of the materials that Plaintiff has filed on the docket (*see* ECF Nos. 25, 26, 33) "indicate appropriate assessment, care, and treatment by providers, as well as refusals of certain treatments by Plaintiff." (Reply at 3, ECF No. 31-1 (sealed), ECF No. 30 (unsealed, redacted version).) To consider the materials, the Court would have to consider the motion as a motion for summary judgment. If the Court were to consider the

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of May, 2015.

---

motion as a summary judgment motion, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Because I am not persuaded that the parties have been afforded the opportunity to present all of the pertinent material, I do not recommend that the Court consider the motion as a motion for summary judgment.