UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PAUL MICHAEL BARRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    2:14-cv-00527-JDL |
| | ) |
| CORIZON MEDICAL SERVICES, et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON PLAINTIFF'S MOTION
TO APPOINT COUNSEL (ECF NO. 65)**

This matter is before the Court on Plaintiff's Renewed Motion to Appoint Counsel. (ECF No. 65.) In essence, Plaintiff maintains that the appointment of counsel is warranted because of the nature of the claim and his physical condition.

"There is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). The *in forma pauperis* statute provides that the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The appointment of counsel under the statute is discretionary, but generally is limited to "exceptional circumstances." *DesRosiers*, 949 F.2d at 23. "[A] court must examine the total situation, focusing, *inter alia,* on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *Id.* at 24. For example, the presence of "readily mastered facts and straightforward law" would suggest that a request for counsel "should be denied in a civil case." *Id.* Denial of an indigent plaintiff's request for counsel is error only if the denial "was likely to result in fundamental unfairness impinging on his due process rights." *Id.* at 23.

While the Court recognizes that the lack of formal legal training can present challenges to pro se litigants, the lack of legal training alone is generally not a sufficient basis for the

appointment of counsel. As the First Circuit articulated in *DesRosiers*, to determine whether an appointment of counsel is appropriate, courts must focus not only on the litigant's ability, but also on the merits and complexity of the case. Here, although Plaintiff has stated a plausible claim, the Court cannot at this stage determine the relative merit of the claim. More importantly, the facts alleged can fairly be characterized as "readily mastered" and the applicable law as "straight forward." *DesRosiers*, 949 F.2d at 24. The gravamen of Plaintiff's claim is that Defendants' alleged failure to treat him properly when he experienced significant bleeding constitutes a violation of his constitutional rights. The facts are not complicated, and the applicable legal standard is well developed. Under the circumstances, the case does not present "exceptional circumstances," and thus the appointment of counsel is not warranted. *DesRosiers*, 949 F.2d at 23. Accordingly, the Court denies Plaintiff's Renewed Motion to Appoint Counsel. (ECF No. 65.)

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of December, 2015.